**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RANDY REAL,

               Plaintiff - Appellee,

  v.

JAMES WALKER, Warden; T.
VENTIMIGLIA, Correctional Officer; J.
STEWART, Correctional Officer; R.
PARRILLA, Correctional Officer;
EVERETT W. FISHER, Correctional
Officer; SCOTT S. KISSER, Correctional
Officer; G. WILLIAMS, Correctional
Officer; R. RAMOS, Correctional Officer;
K. POOL, Correctional Officer; K. M.
POOL, Correctional Officer; N.
GRANNIS, Correctional Officer;
CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION,

               Defendants - Appellants.

No. 12-16459

D.C. No. 2:09-cv-03273-GEB-
KJN

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Senior District Judge, Presiding

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Argued and Submitted May 14, 2013
San Francisco, California

Before: McKEOWN and WATFORD, Circuit Judges, and MARBLEY, District Judge.[**]

Defendants appeal from the district court's order dismissing plaintiff's first amended complaint for failure to state a claim. The district court granted plaintiff leave to amend a subset of the claims and deferred ruling on defendants' qualified immunity defense until plaintiff filed his second amended complaint. Defendants contend that we have jurisdiction to review the district court's order because it implicitly denied their qualified immunity defense.

Under *Miller v. Gammie*, 335 F.3d 889, 894-95 (9th Cir. 2003) (en banc), we lack jurisdiction to review an order that does not deny an immunity defense, but merely defers ruling on it. In *Miller*, the district court deferred ruling on the absolute immunity defense and permitted limited discovery to be conducted on that defense. We nonetheless concluded that we lacked appellate jurisdiction because the deferral order was "not conclusive" and did not "deny the claimed existence of immunity." *Id.* Given the more substantial burdens to which the defendants in *Miller* were subjected, defendants here cannot credibly argue that the burden of

---

[**] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

having to respond to a second amended complaint justifies an exception to *Miller*'s rule. *See Moss v. United States Secret Serv.*, 572 F.3d 962, 973-74 (9th Cir. 2009).

Defendants contend that *Miller* is distinguishable because the absolute immunity defense there could not be resolved without further factual development, whereas the qualified immunity defense here can be resolved based on plaintiff's own version of the facts. Although it is true that the district court in *Miller* deferred ruling because it believed further factual development was required, our jurisdictional holding did not depend on the specific reasoning underlying the decision to defer. Rather, we found jurisdiction lacking based on the broader rationale that an order deferring an immunity ruling does not conclusively resolve the defense and thus cannot be immediately appealed. *See Miller*, 335 F.3d at 894-95.

Defendants' reliance on cases in which qualified immunity was implicitly or effectively denied is misplaced. *See, e.g.*, *Chavez v. United States*, 683 F.3d 1102, 1107-08 (9th Cir. 2012). The concern in those cases was that the effect of the district court's ruling (or refusal to rule) was to allow the action to proceed, with open-ended discovery, to summary judgment or trial. No such concern is present here. Defendants actually prevailed in obtaining dismissal of all of plaintiff's

3

claims, and the action was, at worst for defendants, on hold pending the filing of a second amended complaint.

**DISMISSED.**